IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOSE MOYHERNANDEZ,
Plaintiff,

v.  Civil No. 3:22cv20 (DJN)

MR. COUNSELOR WARD, *et al.*,
Defendants.

## MEMORANDUM OPINION

Plaintiff Jose Moyhernandez ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Plaintiff's failure to timely serve Defendants Laybourn and Fish.

Under Federal Rule of Civil Procedure 4(m),[1] Plaintiff had 90 days to serve Defendants. Here, that period commenced on May 18, 2023. More than 90 days elapsed, and Plaintiff has not served Defendants Laybourn and Fish. Accordingly, by Memorandum Order entered on September 27, 2023, the Court directed Plaintiff to show good cause for his failure to timely serve Defendants Laybourn and Fish. (ECF No. 40.) Plaintiff has filed a response. (ECF No. 41.)

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when evaluating whether good cause exists, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

At most, Plaintiff contends that he "does not read, write nor speak enough English as to understand and prepare by himself the require[d] documents of this action correctly and timely," and that he "is impeded to ask other inmates for help to deal with this action because the case is too sensitive." (ECF No. 41, at 1.) Plaintiff also asks the Court to reconsider its denial of

2

Plaintiff's request for appointment of counsel. (*Id.* at 1–2.) The provision of addresses for Defendants does not require preparation of documents or help on sensitive matters by other inmates. Even though Plaintiff is proceeding *pro se*, it was his responsibility to find an address where Defendants Laybourn and Fish could be served and send the addresses to the Court. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated).

Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Nevertheless, the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court *must* grant the extension"). Here, however, the Court is unpersuaded that the circumstances warrant a discretionary extension. Accordingly, all claims against Defendants Laybourn and Fish will be DISMISSED WITHOUT PREJUDICE.

Plaintiff's request to reconsider the Court's denial of his motion for appointment of counsel will also be DENIED. As explained previously, counsel need not be appointed in a 42 U.S.C. § 1983 or *Bivens* action unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted).

3

Case 3:22-cv-00020-DJN-MRC   Document 43   Filed 11/13/23   Page 4 of 4 PageID# 217

This action presents no complex issues or exceptional circumstances. Additionally, Plaintiff's pleadings demonstrate that he is competent to represent himself in the action.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

                                             /s/
                                       David J. Novak
                                       United States District Judge

Richmond, Virginia
Dated:   November 13, 2023
4